**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER-OPINION AND ORDER**

May 9, 2006

Robert Zeller, Esq.
Rem & Zeller, P.C.
Urban Plaza Building
25 East Salem Street
Hackensack, NJ 07601-7412

James T. Smith, Esq.
Blank Rome, LLP
One Logan Square
Philadelphia, PA 19103

    Re:    **Carol R. Kaufman, et al. v. SunGard Invest. Sys.**
             **Civil Action No.: 05-cv-1236 (JLL)**

Dear Counsel:

      This matter comes before the Court on the motion of Plaintiffs Carol R. Kaufman ("Kaufman") and OSI Holdings, Inc. ("OSI"), appealing the October 25, 2005 Order which denied Plaintiffs' application for reconsideration of the September 7, 2005 Letter-Order of the Honorable Magistrate Judge Ronald J. Hedges, U.S.M.J., granting SunGard Investment Systems, Inc.'s ("SunGard") motion seeking to declare certain e-mail communications exchanged between Plaintiffs and their counsel to be discoverable. This Court has considered the submissions in support of and in opposition to this motion. The motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the following reasons, Magistrate Judge Hedges' September 7 Letter-Order and October 25 Order are AFFIRMED.

**BACKGROUND**

      The essential facts underlying this appeal are undisputed. Kaufman and OSI, a financial software company owned by Kaufman, initiated suit action against SunGard, alleging, among

1

other claims, breach of contract in connection with SunGard's acquisition of OSI's assets and hiring of Kaufman as a senior executive. The instant action, originally filed in the Superior Court of New Jersey, Bergen County, was removed to this Court on or about March 9, 2005. Subsequent to removal, SunGard filed an Answer and Counterclaim asserting state law claims based on the alleged disclosure of SunGard confidential information.

On May 9, 2005, SunGard brought an Order to Show Cause against Kaufman for several items of relief relating to files Kaufman copied from two laptops that she returned to SunGard on January 20, 2005. SunGard has asserted that some or all of the copied files were proprietary and confidential. SunGard utilized a computer technician to determine the files that were copied, as well as to recover and restore certain files that were deleted by Kaufman prior to returning the two laptops. Among the deleted files that were recovered were e-mails between Kaufman and her attorneys.[1] These e-mails were sent from and received on SunGard's e-mail system during Kaufman's employment with SunGard. The relevant e-mails exchanged with counsel fall into two categories. First, e-mail communications (including hard copies) exchanged prior to the November 8, 2002 closing and SunGard's purchase of OSI's assets (hereinafter "Pre-Closing Communications"). These e-mails remained on OSI computers after closing because OSI continued to operate at the same location. The second category are e-mails between Kaufman and her attorneys after the November 8 closing date (hereinafter "Post-Closing Communications"). In opposition to the order to show cause, Kaufman asserted that the restored e-mails were protected by the attorney-client privilege.

On May 25, 2005, Magistrate Judge Hedges heard arguments and directed that the Order to Show Cause be discharged. Subsequently, during an August 3, 2005 telephone conference, Magistrate Judge Hedges directed the parties to appear on September 26, 2005 for a discovery conference. Magistrate Judge Hedges also requested that the parties submit letter-briefs outlining their positions on whether said communications were protected by the attorney-client privilege. Plaintiffs maintain that the communications are protected by the attorney-client privilege, and therefore, are not discoverable. SunGard has taken the position that Kaufman waived the attorney-client privilege as to Pre-Closing Communications by failing to delete same. SunGard further argues that the Post-Closing Communications exchanged after November 8, 2002 were not protected based on SunGard's employment policies governing e-mail communications.

By Letter-Order of September 7, 2005, Magistrate Judge Hedges ruled that all of the communications are discoverable because Kaufman waived the attorney-client privilege. Plaintiffs moved for reconsideration of the magistrate judge's decision arguing, in essence, that the magistrate judge should have applied state privilege law since all the claims in this case are based on state law. By Order dated October 25, 2005, Magistrate Judge Hedges denied

---

[1] It should be noted that the record indicates that the technician has not reviewed or shared the relevant e-mails with SunGard. It appears that the parties have stipulated that the communications at issue are not to be turned over to SunGard until Plaintiffs exhaust their appeals of the magistrate judge's decisions.

reconsideration, finding that he did not overlook any law or fact in rendering the September 7 Letter-Order. This appeal of the September 7, 2005 Letter-Order and the October 25, 2005 Order, followed.

## STANDARD OF REVIEW

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" Cardona v. General Motors Corp., 942 F. Supp. 968, 970 (D.N.J. 1996) (quoting 28 U.S.C. § 636(b)(1)(A)); see also Fed. R. Civ. P. 72(a). A magistrate judge's ruling concerning discovery is non-dispositive. See, e.g., Cunningham v. Hamilton County, 527 U.S. 198, 201 (1999); Bowen v. Parking Auth., 214 F.R.D. 188 (D.N.J. 2003); Tarlon v. Cumberland Co. Corr. Facility, 192 F.R.D. 165 (D.N.J. 2000). On appeal from such an order, the scope of this Court's review is narrow. Local Rule 72.1(c)(1)(A) governs appeals from non-dispositive orders of the magistrate judge. The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395, reh'g denied, 333 U.S. 869 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A magistrate judge's legal conclusions, however, are subject to de novo review. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Campbell v. Int'l Business Machines, 912 F. Supp. 116, 119 (D.N.J. 1996); Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

## DISCUSSION

**A.   Pre-Closing Communications**

Plaintiffs challenge the factual and legal findings of the magistrate judge pertaining to Pre-Closing Communications as clearly erroneous and contrary to law. As a factual matter, Magistrate Judge Hedges found that Kaufman's actions in transferring the disputed emails were "deliberate." (September 7 Letter-Order 2-3). The record shows that Kaufman has confirmed that she did not remove or segregate communications with her counsel at the time of the closing, nor did she take steps to protect or segregate the existing communications after the closing. (Kaufman Aff. in Supp. of Reconsid. ¶ 3-7). As such, Magistrate Judge Hedges did not err in finding that Kaufman intended to transfer the information by failing to take reasonable measures to withhold the emails or ensure the confidentiality of the emails at issue. These findings will therefore not be disturbed.

Furthermore, the magistrate judge's holdings with respect to the Pre-Closing Communications were not contrary to law. The Federal Rules of Evidence, which set forth the framework for assessing evidentiary privileges, provide that:

> [T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501. Here, no party contests that this matter is based exclusively on state law. As such, state privilege law governs. HPD Labs., Inc. v. Clorox Co., 202 F.R.D. 410, 413 (D.N.J. 2001) (noting that state privilege law applies where case is premised exclusively on state law). Under New Jersey law, the attorney-client privilege is waived when a privilege holder "without coercion and with knowledge of his right or privilege, made disclosure of any part of the privileged matter or consented to such a disclosure made by anyone." N.J.S.A. 2A:84A-29. Therefore, a voluntary disclosure of the privileged communication waives the privilege. Weingarten v. Weingarten, 234 N.J. Super. 318, *326 (N.J.Super.A.D. 1989) (citing cases). Here, Magistrate Judge Hedges determined that disclosure of the Pre-Closing Communications were knowing and deliberate, specifically noting: "the express language of the Acquisition Agreement as well as the conduct of the parties lead me to conclude that the parties intended for the e-mail communications which took place prior to closing to be transferred along with other information. Accordingly, Kaufman's actions were deliberate so as to waive the privilege attached to the documents." (September 7 Letter-Order 2). In light of the foregoing, Magistrate Judge Hedges' determination that Kaufman's knowing and voluntary disclosure of the e-mail at issue waived any privilege, accords with New Jersey law. The magistrate judge's ruling that Kaufman waived the privilege, therefore, was not contrary to law.[2]

**B.   Post-Closing Communications**

Magistrate Judge Hedges, relying on provisions of SunGard's employment policy, also held that any privilege attached to the Post-Closing Communications was waived because Kaufman knowingly utilized SunGard's network with the knowledge that company policy

---

Plaintiffs further maintain that the magistrate judge erroneously applied federal privilege law rather than state privilege law in holding that Kaufman waived the attorney-client privilege. Although the cases cited by Magistrate Judge Hedges in the September 7 Letter-Order concern inadvertent disclosure, the remainder of the decision makes clear that the magistrate judge ruled that Kaufman's actions relating to the relevant e-mail communications were deliberate. As such, the cases cited by the magistrate judge involving inadvertent disclosure were not necessary to the Court's final analysis.

provided that SunGard could search and monitor email communications at any time.  It is not in dispute that Kaufman agreed to abide by SunGard company policy.  SunGard's "Use of Company Property and Services" provided that "Company property" included, for instance, "information stored on computers" and "e-mail."  (Smith Cert. Ex. A, at 1).  Therefore, all information and emails stored on SunGard's computer systems was SunGard property.  SunGard policy also provided that all emails were subject to monitoring.  SunGard warned:

> The Company has the right to access and inspect all electronic systems and physical property belonging to it.  Employees should not expect that any items created with, stored on, or stored within Company property will remain private.  This includes desk drawers, even if protected with a lock; and computer files and electronic mail, even if protected with a password.

(Smith Cert. Ex. A).  SunGard further notified all employees that SunGard "reserves the right to monitor and inspect network or Internet usage and e-mail[,]" and that "any e-mail may be subject to monitoring, search or interception at any time, with or without notice to the sender or recipient."  (Smith Cert. Ex. C, at 1).  Based on the foregoing, the magistrate judge's ruling that Kaufman had no reasonable expectation of privacy as to the Post-Closing Communications, was not clearly erroneous or contrary to law, and accordingly, will not be disturbed.

**C.     Supplemental Materials**

Additionally, Plaintiffs contend that Magistrate Judge Hedges should not have ruled on the privilege issue prior to the September 26, 2005 discovery conference, or without reviewing additional materials or permitting additional evidence on the privilege issue.  During an August 3, 2005 telephone conference, Magistrate Judge Hedges directed the parties to appear on September 26, 2005 for a discovery conference.  During the conference, Magistrate Judge Hedges asked SunGard to submit a letter-brief on the attorney-client issue by August 10, 2005; Plaintiffs' submissions were due by August 17, 2005.  (Zeller Cert. ¶ 10).  Plaintiffs maintain that it was their expectation that the privilege issue would be addressed at the September 26 conference.  Plaintiffs specifically contend that Magistrate Judge Hedges should have conducted an in camera review of the communications at issue.  SunGard, however, does not dispute that the Pre-Closing Communications at issue were privileged, or that the Post-Closing Communications at issue occurred with counsel.  Rather, SunGard asserts that the privilege was waived.  Thus, an in camera review would have contributed little to the analysis before the Court.

Further, Plaintiffs note that on October 3, 2005, they filed a reply brief and certification of Kaufman in further support of their motion for reconsideration.  In the new certification, Kaufman explained that personal communications with her attorneys were exchanged at the office out of necessity arising from the long business hours at SunGard.  However, to the extent that Plaintiffs appeal the October 25 Order, the appeal must fail.  The facts contained in the new affidavit were readily available before Magistrate Judge Hedges' September 7 Letter-Order.  It is settled that a motion for reconsideration may not be used to argue new matters that could have

been presented prior to judgment.  P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001) ; NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F. Supp. 328, 339 (D.N.J. 1996) (the Local Rule "explicitly invites counsel to draw the court's attention to decisions which may have been overlooked by the court, not those which were overlooked by counsel.").  These motions should not be used as "an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."  Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  As such, Magistrate Judge Hedges could have rejected the affidavit on reconsideration.  Therefore, the October 25 Order was not clearly erroneous or contrary to law.  The appeal will therefore be denied, and Magistrate Judge Hedges' September 7 Letter-Order and October 25 Order will be affirmed.

## CONCLUSION

For the foregoing reasons, it is on this 9th day of May, 2006,

**ORDERED** that Magistrate Judge Hedges' September 7, 2006 Letter-Order and October 25, 2005 Order are hereby AFFIRMED; and it is further

**ORDERED** that Plaintiffs' appeal [Docket # 38] is hereby dismissed.

It is so ordered.

/s/ Jose L. Linares
DATED: May 9, 2006                                    UNITED STATES DISTRICT JUDGE